UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RONALD STEWARD,<br>         Plaintiff, | )<br>)<br>) |
| v. | ) CAUSE NO.: 3:24-CV-520-JVB-APR<br>) |
| COMMISSIONER, WARDEN, CUSTODY<br>STAFF, and JOHNSON,<br>         Defendants. | )<br>)<br>)<br>) |

## OPINION AND ORDER

Ronald Steward, a prisoner without a lawyer, filed a complaint. [DE 1]. Most of the complaint discusses issues regarding his physical safety when he was first transferred to Westville Correctional Facility in 2022, but he adds a paragraph about an unrelated claim in which he slipped and fell in his housing unit on May 6, 2023. These two claims are not related and cannot be brought in the same lawsuit. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("[U]nrelated claims against different defendants belong in different suits."). When a plaintiff files a complaint with unrelated or mis-joined claims, the Court can "solve the problem by [picking a claim and] dismissing the excess defendants under Fed. R. Civ. P. 21." *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). Here, because the two-year statute of limitations would preclude Steward from refiling the first claim from 2022, the Court will screen that one and dismiss without prejudice the claim regarding slipping and falling in 2023. Steward may decide whether he wishes to file a separate complaint raising that claim, though he should be mindful of the two-year statute of limitations that applies to claims under 42 U.S.C. § 1983 in Indiana. *See Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 894 (7th Cir. 2001).

In looking at the remaining claim, under 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a

1

claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Steward alleges that when he arrived at Westville on November 29, 2022, from the Reception Diagnostic Center, he was assigned to Housing Unit 7 Dorm. Steward told custody staff that he would encounter safety issues in that unit because he knew there were individuals there who wished him physical harm. He was not moved and within two hours, he alleges he was stabbed numerous times.

Custody then reassigned him to Housing Unit 3 Dorm. He again warned custody of a potential risk to his physical safety. But alleges he was forced to live there anyway and was attacked again.

At this point, Steward alleges Sergeant Johnson and other custody staff placed him in a cage measuring 3' x 5' for two days with little to no food or bathroom access, and he had problems sleeping.

Steward does not state a claim against any defendant for failing to protect him from being attacked. The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "[P]rison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Id*. at 833. That said, not every such violent altercation violates the Constitution. *Hunter v. Mueske*, 73 F.4th 561, 565 (7th Cir. 2023). "[P]risons are dangerous places," as "[i]nmates get there by violent acts, and many prisoners have a propensity to commit more." *Grieveson v. Anderson*, 538 F.3d 763,

2

777 (7th Cir. 2008). Thus, "only deliberate indifference to an inmate's wellbeing is actionable: a prison official is liable for failing to protect an inmate from another prisoner only if the official knows of and disregards an excessive risk to inmate health or safety." *Hunter*, 73 F.4th at 565 (internal quotation marks, brackets, and citations omitted).

Accordingly, when an inmate is attacked by another inmate, the Eighth Amendment is violated only if "deliberate indifference by prison officials effectively condones the attack by allowing it to happen." *Haley v. Gross*, 86 F.3d 630, 640 (7th Cir. 1996). The defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. "[A] complaint that identifies a specific, credible, and imminent risk of serious harm and identifies the prospective assailant typically will support an inference that the official to whom the complaint was communicated had actual knowledge of the risk." *Gevas v. McLaughlin*, 798 F.3d 475, 481 (7th Cir. 2015). A failure-to-protect claim under the Eighth Amendment can also be based on a substantial risk of harm due to the specific characteristics of the victim or the assailant. *See Brown v. Budz*, 398 F.3d 904, 914 (7th Cir. 2005). General requests for help, expressions of fear, and even prior attacks are insufficient to alert guards to the need for action. *Klebanowski v. Sheahan*, 540 F.3d 633, 639–40 (7th Cir. 2008).

Here, Steward does not explain the nature of the threat to him, so there is no basis to infer that any defendant was aware of a specific, credible threat to him. Additionally, he does not identify a specific defendant who could be held responsible. Liability under 42 U.S.C. § 1983 requires personal involvement in the alleged constitutional violation. *See Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018). Steward names both the Commissioner of the Indiana Department of Correction and the Warden of Westville as defendants, but as supervisory officials they are not

likely to be personally involved in his particular placement at the facility or aware of any threat to him. They cannot be held liable solely on the basis of their subordinates' actions. *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009) ("[P]ublic employees are responsible for their own misdeeds but not for anyone else's."). Similarly, naming "custody staff" as defendants is not sufficiently specific in order for the Court to determine which of them would have the necessary knowledge of a risk to Steward to be held liable for failing to protect him.

Finally, Steward does not state a claim against Sergeant Johnson for placing him in a small cell for two days. The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (citations omitted). To state a claim under the Eighth Amendment, the prisoner must show both that the deprivation was sufficiently serious and that the defendant acted with deliberate indifference to the inmate's health or safety. *Farmer*, 511 U.S. at 834. In looking at whether a condition constitutes a sufficiently serious deprivation, "a court must assess the amount and duration of the deprivation." *Reed v. McBride*, 178 F.3d 849, 853 (7th Cir. 1999). Steward endured the described conditions for only two days and does not provide detail about the extent of the food, bathroom, or sleep issues, nor does he say what effect that had on him. This does not state a claim.

This complaint does not state a claim for which relief can be granted. If Steward believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form

4

which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the Court after he properly completes the form.

For these reasons, the court:

(1) **DISMISSES WITHOUT PREJUDICE** the claim regarding slipping and falling on May 6, 2023;

(2) **GRANTS** Ronald Steward until **April 11, 2025**, to file an amended complaint; and

(3) **CAUTIONS** Ronald Steward if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on March 10, 2025.

s/ Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN, JUDGE  
UNITED STATES DISTRICT COURT